UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD RILEY, JR.** | **CIVIL ACTION NO. 14-2260-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Richard Riley, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 7, 2014. Plaintiff is currently incarcerated at the Claiborne Parish Detention Center, but claims his civil rights were violated by prison officials while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Steve Prator and A.L. Dinkins, Jr. as defendants.

Plaintiff claims that June is the month of Ramadan for Muslims. He claims June 28, 2014 was the first day of fasting. He claims that on June 29, 2014, he received pancakes, sausage, and oatmeal for breakfast. He claims the food was not served hot. He claims that after he broke his fast at 8:27 p.m., he had to wait until around 9 p.m. for his snack bag. He claims he went 16 hours without eating a hot meal. He claims the snack bag contained two

cold bologna/peanut butter sandwiches, two one ounce bags of potato chips, four gram crackers, one spoon of peanut butter, and two Little Debbie cakes. He claims he received the same cold snack bag everyday. Plaintiff claims he did not receive the required amount of calories and nutrition on the days he fasted. He claims he only received 1200 to 1300 calories a day during the month of Ramadan. He also claims he did not receive vegetables. Plaintiff claims that for the month of Ramadan he was constipated.

Plaintiff claims he filed a grievance in the administrative remedy procedure. He claims Officer A.L. Dinkins Jr., responded that he could break his fast. He claims Officer Dinkins is not the person who should have responded to his grievance because he is not a member of the food service department.

Plaintiff claims the housing units at Caddo Correctional Center are in violation of all required standards for housing. He claims the cells are designed for two inmates but three inmates are housed in a cell. He claims this creates a fire hazard. He claims the third inmate in each cell sleeps on the floor in a boat. He claims the boat is inches from the toilet and is splattered with urine. He claims that for one month, he was the inmate that had to sleep in the boat. He claims an inmate's mobility is limited because of the cell overcrowding. Plaintiff claims he suffered from mental duress and agitation because of the health hazards created by the overcrowding.

Plaintiff claims he filed a grievance regarding the overcrowding on July 16, 2014. He claims Sgt. Dinkins responded that the facility had been approved by the Health Department and the Fire Department to house three inmates in a cell.

Plaintiff claims there are biting gnats in the showers.

Plaintiff claims indigent inmates are charged for supplies. He claims most inmates are released from the facility in debt as a result.

Plaintiff seeks only injunctive relief. Specifically, he seeks to have this court order Caddo Correctional Center to respect the Muslim religion and serve hot and healthy meals after fasting [Docs. 10 and 20].

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff seeks only injunctive relief in his original and amended complaint. Even if Plaintiff was able to establish his constitutional rights were violated, he would not be entitled to injunctive relief. Plaintiff's transfer from the Caddo Correctional Center to the Claiborne Parish Detention Center rendered his claims for injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078 (5th Cir. 1991).

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in

making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of October, 2015.

Mark L. Hornsby
U.S. Magistrate Judge